DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Common Pleas Court judgment of conviction and sentence. A jury found Troy King, defendant below and appellant herein, guilty of two counts of gross sexual imposition in violation of R.C. 2907.05.
 {¶ 2} Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN ITS FAILURE TO DETERMINE THE COMPETENCY OF THE WITNESS, [D.G.], A MINOR, (BORN ON OCTOBER 28, 1996), PRIOR TO HER RENDERING TESTIMONY TO THE JURY IN THE CASE."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT FAILED TO MAKE FINDINGS OF FACT CONCERNING THE TESTIMONY OF A CHILD UNDER AGE 12, ABOUT AN OUT-OF-COURT STATEMENT BY A CHILD UNDER THE AGE OF 12 YEARS, AT THE TIME OF TRIAL OR HEARING, DESCRIBING A SEXUAL ACT PERFORMED BY, WITH, OR ON THE CHILD AND FIND THAT THE TOTALITY OF THE CIRCUMSTANCES SURROUNDING THE MAKING OF THE STATEMENT PROVIDES PARTICULARIZED GUARANTEES OF TRUSTWORTHINESS THAT MAKE THE STATEMENT AT LEAST AS RELIABLE AS STATEMENTS ADMITTED PURSUANT TO THE EXCEPTIONS TO THE HEARSAY RULE."
THIRD ASSIGNMENT OF ERROR:
"THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCEOF [sic] COUNSEL BY THE DEFENSE COUNSEL'S REPEATED FAILURE TO OBJECT TO TESTIMONY OF THE CHILD-VICTIM, AND AS TO TESTIMONY SURROUNDING THE STATES'S [sic] EXHIBIT `A', AN OUT OF COURT STATEMENT BY THE CHILD UNDER AGE 12, WHICH LACKED NECESSARY CIRCUMSTANTIAL GUARANTEES OF TRUSTWORTHINESS IN THE TOTALITY OF THE CIRCUMSTANCES OF THE CASE."
FOURTH ASSIGNMENT OF ERROR:
"THE DEFENDANT WAS DENIED [EFFECTIVE] ASSISTANCE OF COUNSEL BY THE DEFENSE COUNSEL'S REPEATED FAILURE TO OBJECT TO TESTIMONY BY LUANNA HOLZAPFEL WHICH SHE WAS INCOMPETENT TO RENDER AS SHE WAS NOT QUALIFIED AS AN EXPERT."
FIFTH ASSIGNMENT OF ERROR:
"THE DEFENDANT WAS FURTHER DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE DEFENSE COUNSEL'S CALLING OF PRISCILLA HUBBARD, (FOR THE PURPOSE OF IMPEACHING THE CHILD), WHO WAS IMPEACHED BY CRIMINAL CONVICTION AS OPPOSED TO CALLING THE EXPERT PHYSICIAN WHO EXAMINED THE CHILD."
 {¶ 3} D.G. is the daughter of Priscilla Hubbard and Billy Gaffin. Billy Gaffin resides with his girlfriend, Beth Fields. Priscilla Hubbard resides with appellant. In 2003, Priscilla Hubbard, D.G.'s custodian, placed D.G. with Billy Gaffin so that she and appellant could take an extended trip to Virginia.
 {¶ 4} In February 2004, D.G. lived with her father. Beth Fields discovered a note that D.G. had written that indicated that she and appellant had engaged in sexual contact.[2]
Beth gave the note to Gaffin. He later spoke with D.G. and then contacted authorities.
 {¶ 5} On April 28, 2004, the Jackson County Grand Jury returned an indictment that charged appellant with two counts of gross sexual imposition in violation of R.C. 2907.05. Appellant pled not guilty and the matter proceeded to a jury trial.
 {¶ 6} At trial, D.G. confirmed that appellant engaged in sexual contact with her on two separate occasions. No physical evidence corroborated the assault, however. Priscilla Hubbard testified that her daughter had previously denied that any contact occurred with appellant. Priscilla further stated that D.G.'s father desired custody, thus intimating that he may have encouraged allegations to improve his ability to gain custody.
 {¶ 7} At the trial's conclusion, the jury returned guilty verdicts on both counts. The trial court sentenced appellant to serve four year prison terms on each count to be served consecutively. This appeal followed.
 I {¶ 8} Appellant asserts in his first assignment of error that the trial court erred by failing to determine D.G.'s competency to testify at trial. We disagree.
 {¶ 9} D.G. was born on October 28, 1996. Thus, she was eight years old at the time of trial. The Ohio Rules of Evidence provide that everyone is competent to be a witness except, inter alia, "children under ten years of age," who appear incapable of receiving just impressions of facts or relating them truthfully. Evid.R. 601(A). The onus is on the trial court to determine if a child under the age of ten is competent to testify. See State v.McNeill (1998), 83 Ohio St.3d 438, 442, 700 N.E.2d 596; Statev. Adamson (1995), 72 Ohio St.3d 431, 434, 650 N.E.2d 875.
 {¶ 10} Appellant contends that nothing in the record indicates that the trial court held a hearing to determine D.G.'s competency as a witness.[3] Even if a hearing was in fact conducted, appellant continues, no record of it exists, nor has the court provided specific findings to explain why it determined D.G. to be competent. Thus, appellant concludes, the trial court failed in its Evid.R. 601(A) responsibilities and his convictions should be reversed. We disagree with appellant.
 {¶ 11} First, appellant did not object on competency grounds at trial to D.G. testifying as a witness. Generally, appellate courts should not consider any error that counsel could have called, but did not call, to a trial court's attention when the trial court could have avoided or corrected such error. State v.Peagler (1996), 76 Ohio St.3d 496, 499, 668 N.E.2d 489; Statev. Lott (1990), 51 Ohio St.3d 160, 174, 555 N.E.2d 293; Statev. Gordon (1971), 28 Ohio St.2d 45, 276 N.E.2d 243, at paragraph two of the syllabus. If the trial court did not determine D.G.'s competency, that issue should have been brought to the court's attention when an immediate hearing could have been conducted. The concepts of waiver and fundamental fairness do not permit a party to sit mute and hold an error in reserve for appeal purposes.
 {¶ 12} One exception to waiver, however, is the plain error doctrine. In the case sub judice, appellant argues that the trial court's failure to hold a competency hearing constitutes plain error. Again, we disagree.
 {¶ 13} The Crim.R. 52(B) plain error doctrine provides that errors or defects that affect a defendant's substantial rights may be noticed, although they were not brought to the attention of the court. For a reviewing court to find plain error, three conditions must exist: (1) an error in the proceedings; (2) the error must be plain, i.e., the error must be an "obvious" defect in the trial proceedings; and (3) the error must have affected "substantial right," i.e., the trial court's error must have affected the outcome of the trial. State v. Parish, Washington App. Nos. 05CA14 and 05CA15, 2005-Ohio-7109, at ¶ 18, citingState v. Noling, 98 Ohio St.3d 44, 56, 2002-Ohio-7044,781 N.E.2d 88; State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68,759 N.E.2d 1240; State v. Sanders (2001), 92 Ohio St.3d 245,257, 750 N.E.2d 90; State v. Hill (2001), 92 Ohio St.3d 191,200, 749 N.E.2d 274. Additionally, the Ohio Supreme Court stated that Crim.R. 52(B) is to be invoked "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Parish, 2005-Ohio-7109, at ¶ 18, citing State v. Landrum (1990), 53 Ohio St.3d 107, 111,559 N.E.2d 710; State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, ¶ 3 of the syllabus. A reviewing court should consider noticing plain error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Parish, 2005-Ohio-7109, at ¶ 18, citing Barnes,94 Ohio St.3d at 27; United States v. Olano (1993),507 U.S. 725, 736, 113 S.Ct. 1770; United States v. Atkinson (1936),297 U.S. 157, 160, 56 S.Ct. 391.
 {¶ 14} In State v. Said (1994), 71 Ohio St.3d 473,644 N.E.2d 337, the Ohio Supreme Court held that (1) courts must conduct hearings to determine competency of witnesses under ten years of age, id. at 475, and (2) the hearing must be recorded. Id. at the syllabus. Failure to do so constitutes reversible error. Two salient distinctions exist, however, between Said
and the case sub judice. First, Said did not involve a "plain error" analysis. If an objection had been lodged in the case sub judice to the court's failure to hold a hearing to determine D.G.'s competency, we could have concluded that the error constitutes reversible error. That is not the factual posture in our situation, however.
 {¶ 15} Second, Said involved Evid.R. 807 admissibility of a five year old victim's out-of-court statement that implicated her grandfather in sexual abuse. Id. at 474. The child did not testify at trial and no record existed of her competency hearing testimony. By contrast, in the instant case D.G. testified at trial, both on direct and cross-examination. Our review of D.G.'s lengthy trial testimony reveals that she appears capable of receiving just impressions of facts and relating them truthfully. Not once did defense counsel or the trial court question D.G.'s ability to relate what had occurred.
 {¶ 16} In State v. Prater (Sep. 29, 1995), Montgomery App. No. 14615, our colleagues on the Second District Court of Appeals confronted a similar situation and distinguished Said as follows:
"It is reasonably clear from the majority opinion in Said
that the failure to record the competency hearing was prejudicial error in that case because such failure prevented an appellate court from reviewing the competency determination in any manner. Although the facts of Said are somewhat analogous to the fact of the case before us, we find the cases to be distinguishable. In the case before us, there appears to be no dispute that the competency hearing held before the original indictment was not recorded and that no other competency hearing was thereafter held. In accordance with the Supreme Court's holding in Said,
this was clearly error. However, in our view such error was harmless in light of the testimony of Nina Sutton. Unlike the situation in Said, the child victim in the case before us presented extensive testimony at the trial. Upon review of that testimony, we find that the testimony, without question, adequately demonstrated that she was competent to be a witness. We also note that no objection was made at the time she testified. The first assignment of error is overruled."
 {¶ 17} The Eighth District Court of Appeals took a similar tack in Warrensville Heights v. Thomas (Aug. 23, 2001), Cuyahoga App. No. 78613, which states as follows:
"Within this assignment of error, defendant complains that the child who testified against him was nine years and eight months old and was not shown to be competent to testify in this matter. Evid.R. 601 provides that ""[e]very person is competent to be a witness except: (A) * * * children under ten (10) years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly * * *.""
Pursuant to this rule, it is the trial court's duty to conduct a voir dire examination of a child witness under ten years of age to ascertain the child's competency to testify. The failure to do so is error.
Nonetheless, since this issue was not raised below, we shall review this issue only for plain error. That is, an appellate court will generally not consider any error that counsel could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected. `Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' Thus the instant inquiry is whether the failure of the trial court to voir dire to determine her competence to testify rises to the level of plain error. We conclude that it does not. We note, initially, that the girl was over nine and one half years old. From her testimony, she appeared capable of receiving just impressions of facts and events, accurately relating them. She also appeared to understand truth and falsity and to appreciate her responsibility to be truthful. Accordingly, we find no plain error herein and this assignment of error is therefore without merit." (Citations omitted.)
 {¶ 18} We agree with the reasoning of these courts and we are similarly not persuaded that in the case at bar the trial court's failure to hold a competency hearing constitutes plain error. At the time of trial, D.G. was fifteen months shy of ten years of age. Her trial testimony does not suggest that she was incapable of receiving just impressions of facts or relating them truthfully.[4] Additionally, appellant does not cite any of the child's trial testimony that calls into question her competency to testify.
 {¶ 19} The party who asserts plain error bears the burden to show that the error seriously affected the judicial proceeding's fairness, integrity or public reputation. See United States v.Olano (1993), 507 U.S. 725, 113 S.Ct. 1170. We find nothing in the record in the instant case to convince us that, had the trial court conducted a competency hearing, D.G. would have been found incompetent to testify. Thus, we decline appellant's invitation to find plain error.
 {¶ 20} Accordingly, we hereby overrule appellant's first assignment of error.
 II {¶ 21} Appellant asserts in his second assignment of error that the trial court erred by admitting into evidence D.G.'s handwritten note that described sexual contact. He contends that the note's admission violated several evidence rules.
 {¶ 22} First, we note that appellant did not object to the note's introduction into evidence. Thus, appellant waived all but plain error. See State v. Loza (1994), 71 Ohio St.3d 61, 75,641 N.E.2d 1082; also see State v. Mulhern, Vinton App. No. 02CA565, 2002-Ohio-5982, at ¶ 26. Accordingly, we will not reverse the conviction unless appellant can demonstrate that the error seriously affected the trial's fairness, integrity or public reputation.
 {¶ 23} Second, the note is barely legible and the jury may not have been able to understand it if not for the translation of its contents. This brings us to the second reason for finding no plain error — at trial several witnesses translated the note. Jackson County Jobs and Family Services Investigator Luwanna Holzapfel testified that D.G. informed her of the note's meaning. Holzapfel then read "word for word" the note's contents. D.G. also read the note's contents when she testified. After that, the note's admission into evidence was cumulative of the testimonial evidence. Thus, we cannot conclude that the note's exclusion from evidence affected the trial's outcome.[5]
 {¶ 24} Accordingly, we find no merit in the second assignment of error and it is accordingly overruled.
 III {¶ 25} Appellant's three remaining assignments of error assert that he received ineffective assistance from trial counsel. We jointly consider those assignments of error.
 {¶ 26} Defendants have a constitutional right to the effective assistance of counsel. McCann v. Richardson (1970),397 U.S. 759, 770, 25 L.Ed.2d 763, 90 S.Ct. 1441; State v.Lytle (Mar. 10, 1997), Ross App. No. 96CA2182; State v. Doles
(Sep. 18, 1991), Ross App. No. 1660. To obtain a conviction's reversal on ineffective assistance grounds, a defendant must establish (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense so as to deprive him of a fair trial. See Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct. 2052; also see State v.Issa (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904; State v.Goff (1998), 82 Ohio St.3d 123, 139, 694 N.E.2d 916. Both prongs of the Strickland test need not be analyzed if the claim can be resolved under one. See State v. Madrigal (2000),87 Ohio St.3d 378, 389, 721 N.E.2d 52. Thus, if the issue may be resolved on grounds of lack of prejudice, that course should be followed.See State v. Loza (1994), 71 Ohio St.3d 61, 83,641 N.E.2d 1082.
 {¶ 27} To establish that counsel's performance prejudiced the defense, a defendant must show that a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. State v. White (1998),82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.
 {¶ 28} Appellant first asserts that trial counsel was ineffective because he failed to object to Destiny's testimony. Appellant does not specify why counsel should have objected but, presumably, it involves competency under Evid.R. 601(A). As we noted in the disposition of appellant's first assignment of error, however, we find nothing in D.G.'s testimony to indicate that she could not receive "just impressions of facts" or relate them truthfully. Thus, we find no basis for appellant's assertion that the trial court would have prohibited D.G. from testifying if a timely objection had been lodged.[6]
 {¶ 29} Appellant next asserts that trial counsel failed to object to the many references to D.G.'s note (Exhibit A). We disagree with appellant for two primary reasons. First, it is not clear that even if trial counsel had objected the note would have been excluded from evidence. Second, although the note referred to sexual contact between D.G. and appellant, D.G. also personally testified regarding those incidents. In light of the victim's testimony, we are not persuaded that appellant has established sufficient prejudice.
 {¶ 30} Next, appellant contends that trial counsel failed to object to Luanna Holzapfel's testimony. It was uncontroverted that D.G.'s medical examination failed to reveal any physical evidence of sexual abuse. Holzapfel testified that this is not "abnormal." She explained "the hymen is like a rubber band" and penetration might not necessarily have caused "damage to the area." Appellant asserts that Holzapfel was not qualified as a Evid.R. 702 medical expert and trial counsel was ineffective for failing to object to her testimony.
 {¶ 31} Witnesses may testify as experts if (1) their testimony relates to matters beyond the knowledge or experience possessed by lay persons, (2) they are qualified as experts by specialized knowledge, skill, experience, training or education, and (3) the witness' testimony is based on reliable scientific, technical or other specialized information. Evid.R. 702(A)-(C). A witness need not have specialized degrees or certificates in a field as long as her knowledge aids the jury in understanding the evidence. See State v. Tillman, Butler App. No. CA2003-09-243,2004-Ohio-6240, at ¶ 17.
 {¶ 32} In the instant case, we find no evidence to establish that Holzapfel received medical training. However, she need only have specialized skills and experience that give her knowledge of matters beyond the expertise of lay people. Holzapfel testified that she has investigated sex abuse cases for fifteen years and that she has had special training in that area. Admittedly, more expertise than this would have been necessary to qualify her as a medical expert. Based on her background and training, however, we do not see why she could not have been qualified as an expert in child sexual abuse cases had appellant raised the issue. Nevertheless, in light of D.G.'s testimony regarding sexual contact with appellant, it is difficult to accept the view that this evidence deprived appellant of a fair trial.
 {¶ 33} Finally, appellant asserts that trial counsel should not have called Priscilla Hubbard (D.G.'s mother) to testify. Our review of the record reveals that Priscilla Hubbard actually gave testimony favorable to appellant, but her prior convictions for theft and making false statements were also brought to light. Although he does not specifically articulate his argument, appellant apparently asserts that his girlfriend's prior convictions prejudiced the jury and his counsel's decision to call her as a witness amounts to ineffective assistance. We disagree.
 {¶ 34} The defense theory in this case is that the sexual contact did not occur and that D.G. had been urged to make accusations to help her father's effort to gain custody. Priscilla Hubbard was the logical person to make the case for this theory. Generally, debatable trial tactics do not constitute ineffective assistance and appellate courts should not second-guess trial strategy. State v. Jones, Wood App. No. WD-05-45, 2006-Ohio-2922, at ¶ 39; State v. Cunningham, Allen App. No. 1-04-19, 2004-Ohio-5892, at ¶ 29; State v. Hicks, Cuyahoga App. No. 83981, 2004-Ohio-5223, at ¶ 30. Appellant also asserts that Priscilla Hubbard testified to the absence of medical evidence of sexual abuse and that it would have been much better to have called a physician to substantiate the lack of physical evidence. Here again, this appears to be a trial strategy issue. Additionally, many other witnesses testified that no physical or medical evidence of sexual abuse exists. The failure to call a physician to do the same did not prejudice appellant.
 {¶ 35} For these reasons, we find no merit in appellant's third, fourth or fifth assignments of error and they are consequently overruled. Having reviewed all those errors assigned and argued in the briefs, and after finding merit in none, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
[2] D.G. translated the note at trial as: "I love Jeffrey. Jeffery is cuter than [appellant], but [appellant] had sex with me."
[3] It is not as clear as appellant asserts that the trial court in the case sub judice failed to hold a competency hearing. The prosecution requested a hearing in its March 29, 2005 motion (thus bringing the issue to the attention of the trial court). A February 17, 2006 Nunc Pro Tunc entry explained that the court conducted a hearing several months prior to trial and D.G. was determined to be competent to testify. We ordered that entry stricken from the record because (1) supplementing the record with a nunc pro tunc entry after briefing is improper, and (2) if the trial court had not informed the parties before trial of the reasons it found D.G. competent to testify, it is improper to set forth those reasons after an appeal has been taken. That said, we also noted that appellant had not contested the prosecution's motion to supplement the record with the nunc pro tunc entry, nor did any dispute exist concerning whether the trial court had, in fact, conducted a competency hearing. We also noted that the matter could be resolved either by a stipulation to events surrounding the competency hearing, or by an App.R. 9(E) statement. It does not appear that either option has been taken. On appeal, appellant does not argue that the trial court failed to conduct a hearing. Rather, appellant contends that nothing appears in the record to substantiate that a hearing occurred. Because we ordered the trial court's nunc pro tunc entry stricken, and thus it is not part of the record on appeal, our analysis must proceed on the basis that the trial court did not conduct a competency hearing.
[4] This is a far cry from the Said situation in which nothing appeared in the record for review concerning whether the child-victim could receive just impressions of the fact or relate them truthfully. Here, nearly fifty pages of testimony tends to establish D.G.'s competency to testify.
[5] The plain error doctrine should not apply when other evidence exists in the record cumulative to the disputed evidence. See e.g. State v. Betts, Pickaway App. No. 02CA26,2004-Ohio-818, at ¶ 25; State v. Miller (Mar. 16, 2001), Ross App. No. 00CA2555.
[6] Court's may not presume that prejudice exists in an ineffective assistance of counsel claim; instead, prejudice must be affirmatively established. See e.g. State v. Tucker (Apr. 2, 2002), Ross App. No. 01CA2592; State v. Kuntz (Feb. 26, 1992), Ross App. No. 1691; State v. Maughmer (Feb. 7, 1991), Ross App. No. 1667.