JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from the Cuyahoga County Common Pleas Court in which defendant-appellant, Leland Day (appellant), appeals his convictions and sentence. Appellant pled guilty to five counts of child rape with accompanying repeat violent offender specifications and an agreed twenty-year prison term with no early judicial release from prison. He contends that his guilty pleas were not entered in compliance with the mandates of Crim. R. 11, and submits that since they were not knowingly and voluntarily entered, they should be vacated upon remand. Upon a review of the record and for the foregoing reasons, we affirm the trial court.
 {¶ 2} On November 10, 2006, appellant was arrested on criminal charges stemming from an incident that occurred on or about November 7, 2006. The incident involved two siblings, a ten-year-old boy and an eight-year-old girl, both children of appellant's ex-girlfriend. The charges allege that appellant broke into the home of his ex-girlfriend and forced the eight-year-old girl to perform sex acts on her ten-year-old brother and on the appellant.
 {¶ 3} A Cuyahoga County grand jury returned a seventeen-count indictment regarding the incident, which was filed on December 19, 2006. Appellant was charged as follows: counts one and two, aggravated burglary, in violation of R.C. 2911.11(A)(1), each with notice of prior conviction and repeat violent offender specifications; counts three, and eleven, kidnapping, in violation *Page 2 
of R.C. 2905.01, each with sexual motivation, sexually violent offender, notice of prior conviction, and repeat violent offender specifications; counts four, five, six, seven, eight, twelve and thirteen, rape, in violation of R.C. 2907.02(A)(1)(b), each with sexual motivation, sexually violent offender, notice of prior conviction, and repeat violent offender specifications; counts nine, ten, fourteen, and fifteen, complicity in the commission of rape, in violation of R.C. 2923.02 of R.C. 2907.02(A)(1)(b) with accompanying sexually violent predator, notice of prior conviction and repeat violent offender specifications; and counts sixteen and seventeen, charged gross sexual imposition in violation of R.C. 2907.05(A)(4), each with a sexually violent predator specification.
 {¶ 4} In the midst of trial, appellant pled guilty to five counts of rape under R.C. 2907.02(A)(1)(b) with repeat violent offender specifications pursuant to R.C. 2941.149. As a part of the plea agreement, other specifications accompanying each of the rape counts were deleted, and the remaining counts were nolled. Appellant further agreed to a sentence of twenty years and stipulated to being a sexual predator as a part of the agreed plea bargain. In doing so, he avoided an additional sentence of ten years to life on each of the rape counts, R.C. 2941.148, 2971.03.
 {¶ 5} In his sole assignment of error, appellant claims that the trial court's Crim. R. 11 colloquy was deficient because it did not adequately advise him of the *Page 3 
constitutional rights he was relinquishing given the unique situation presented at the time of his pleas. According to appellant, this unique situation was the deficient representation of his counsel during the trial prior to his plea. Appellant argues in this multifaceted assignment of error that, because of the totality of the circumstances, the numerous deficiencies in representation by his counsel throughout the trial had the cumulative effect of rendering his pleas involuntary.
 {¶ 6} Appellant creatively argues that the trial court has a heightened responsibility in advising a defendant of his rights under Crim. R. 11 before accepting a plea of guilty when the trial court has observed repeated instances of ineffective representation prior to the plea.
 {¶ 7} Appellant's sole assignment provides as follows:
 {¶ 8} "When a trial court conducts a Criminal Rule 11 plea, the duty
 {¶ 9} to personally address defendant about the voluntariness of the plea is enhanced based on the information which the court knows could effect the voluntariness of that pleas[sic]."
Compliance with Crim. R. 11(C) {¶ 10} "Crim. R. 11 was enacted to ensure that a guilty or no contest plea would be accepted by the court only if voluntarily, knowingly and intelligently *Page 4 
made by the accused." State v. Redmond (1999), Cuyahoga App. No. 74738, citing State v. Stone (1975), 43 Ohio St.2d 163, 167-168.
 {¶ 11} Crim. R. 11 (C), which deals with guilty and no contest pleas in felony cases, provides in pertinent part as follows:
 "Pleas of Guilty and No Contest in felony cases:
 * * *
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a *Page 5 
reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 12} Appellant argues that there were significant omissions made by the trial court in the Crim. R. 11 process. He argues that the trial court failed to explain to appellant that the state must prove its case against him "beyond a reasonable doubt at trial." He also argues that there was no direct discussion between the trial court and appellant regarding whether appellant was making the plea "voluntarily" as mandated by Crim. R. 11(C)(2)(a).
 {¶ 13} After the terms of the plea agreement were placed on the record, the trial court and the appellant participated in the following exchange:
 "THE COURT:
 I'll ask you some questions. I know you've been through this, but if there is anything you don't understand, please indicate that and we'll answer any questions you might have. How old are you?
 DEFENDANT:
 43.
 THE COURT:
 How much schooling have you had?
 THE DEFENDANT:
 Two years of college.
 THE COURT: *Page 6 
 You are on probation to this Court, correct?
 DEFENDANT:
 Yes.
 THE COURT:
 Do you understand that in the event the plea is accepted, the Court would consider terminating the probation?
 DEFENDANT:
 Right.
 THE COURT:
 Any other supervision currently?
 DEFENDANT:
No.
 THE COURT:
 Are you under the influence today of any drugs, narcotics or medications?
 DEFENDANT:
No.
 THE COURT:
 You are aware that you are entitled to be represented by counsel, and Mr. Gay worked had [sic] on your behalf in this case.
 DEFENDANT:
 Yes. *Page 7 
 THE COURT:
 You have a right to contest this, as you know, to a jury or to a judge at which proceeding Mr. Gay could cross-examine your accusers, continue to cross-examine them, subpoena witnesses here for you, and you would be allowed to testify.
 You would also be permitted to remain silent and not have that used against you during the course of deliberations or during the course of the trial; that you are presumed innocent and the burden is on the State to prove you committed these various acts by evidence beyond a reasonable doubt. (Emphasis added.)
 Do understand these trial rights?
 DEFENDANT:
 Right.
 THE COURT:
 That each of the counts that have been eluded to, 4, 5, 6, 13 and 12 as amended will become first degree felonies carrying with them each possibility of between three and ten years, but the Court accepts the condition of these pleas and would impose on accepting them a 20 year sentence as well as the reporting requirements that have been suggested as well; do you understand?
 DEFENDANT:
 Yes.
 THE COURT:
 Other than what had been stated herein in open court on the record, anybody, including Mr. Gay, myself, Miss Carr specifically promised you anything, threatened you in any way in order to get you to do this? (Emphasis added.)
 THE DEFENDANT: *Page 8 
 No." (Tr. 278-281.)
 {¶ 14} Then the Court proceeded to inquire directly of the appellant as to his plea to each of the five counts of rape. Appellant himself entered a plea of guilty to each of the five counts read to him. (Tr. 282-283.)
 {¶ 15} After appellant entered his pleas the court inquired:
 THE COURT:
 Mr. Gay, I know you spent a long time with Mr. Day on these charges. Is it your professional opinion, Sir, the pleas as tendered by Mr. Day were done voluntarily, knowingly and in compliance with Criminal Rule 11?
 MR. GAY:
 That is my opinion, Your Honor.
 THE COURT:
 Does it remain your opinion that plea was voluntarily tendered, Mr. Gay?
 MR. GAY:
 It is, Your Honor." (Tr. 284.)
 {¶ 16} We will first address appellant's argument regarding the purported procedural deficiency of the trial court in not directly addressing the appellant when determining whether he was making his plea "voluntarily" as required by the language of Crim. R. 11(C)(2)(a). *Page 9 
 {¶ 17} A trial court has to only substantially comply with the mandates of Crim. R. 11(C) when accepting a guilty plea. State v.Stewart (1977), 51 Ohio St.2d 86, 92. Although literal compliance with Crim. R. 11 is preferred, the fact that the trial court did not strictly comply with Crim. R. 11 does not require that the defendant's guilty plea be vacated if the reviewing court determines that there was substantial compliance. State v. Nero (1990), 56 Ohio St.3d 106.
 {¶ 18} In Nero, the Ohio Supreme Court stated:
 "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made." Id. at 108. (Internal citations omitted.)
 {¶ 19} Our review of the plea hearing reveals that the trial court substantially complied with its Crim. R. 11 mandate to address the defendant directly in an oral dialogue to determine whether the defendant was voluntarily entering pleas of guilty to the counts of rape. Appellant's contention that the trial court had no direct discussion with appellant regarding the voluntariness of *Page 10 
his plea is belied from the record as demonstrated by the foregoing excerpt from the plea hearing.
 {¶ 20} As to the second challenge that the trial court did not reference appellant's right to have the state prove its case against him "beyond a reasonable doubt," a review of the above colloquy also reveals that the trial court specifically advised the appellant what the burden of proof is ("proof beyond a reasonable doubt") and that it lies with the state.
 {¶ 21} Next, we review appellant's argument that the trial court erred in accepting appellant's pleas of guilty in the midst of trial given the listed instances of purported deficiencies in defense counsel's representation. He contends that, in their totality, they amounted to ineffective assistance of counsel, which rendered his guilty pleas involuntary.
Ineffective Assistance of Counsel {¶ 22} Appellant argues that a trial court has obligations beyond the plain language of Crim. R. 11 in situations where defense counsel's performance at trial prior to any plea is deficient. We do not agree that the trial court has a heightened responsibility to go beyond the Crim. R. 11 mandates when a defendant in hindsight argues his or her attorney was ineffective in representation. Nor do we agree with his other contention that the "totality of the circumstances" test properly applied in evaluating Crim. R. 11 compliance is *Page 11 
also to be applied in review of ineffective assistance of counsel challenges in the context of a guilty plea conviction.
 {¶ 23} A trial court's obligation is to follow the mandates of Crim. R. 11, specifically Crim. R. 11(C), which applies to pleas of guilty and no contest in felony cases as set forth above. This rule was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review.Stone at 167-168; Stewart at 92-93; State v. Scott (1974),40 Ohio App.2d 139, 144.
 "It should be noted that Crim. R. 11, * * * similar to F. R. Crim. P. 11, remedies the problems inherent in a subjective judgment by the trial court as to whether a defendant has intelligently and voluntarily waived his constitutional rights and ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." Stone at 168. (Emphasis added.)
 {¶ 24} Although we will not review appellant's assignment of error according to the subjective and inaccurate standard urged by appellant, we will review it in light of existing case law in order to determine if any of the purported deficiencies of which appellant complains, on an individual basis, is *Page 12 
demonstrated to have prejudiced appellant to such an extent that any one of the purported deficiencies had the effect of rendering his pleas involuntary. As succinctly stated by the court in State v.Lavender, Lake App. No. 2000 L-049, 2001-Ohio-8790:
 "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. A licensed attorney is presumed to have rendered effective assistance in representing a criminal defendant; thus, appellant bears the burden of proving ineffective assistance.
 In order to demonstrate ineffective assistance of counsel in the context of a guilty plea conviction, the defendant must demonstrate that the trial counsel's performance was deficient and that the defendant was prejudiced by the deficient performance in that it precluded the defendant from entering the plea knowingly and voluntarily." (Internal quotes and citations omitted.)
 {¶ 25} Day contends that his counsel's performance at trial was deficient because he failed to object to hearsay testimony of an investigative officer, a treating physician to the children, the mother of the children, and a social worker who interviewed the children. He further asserts that his trial counsel elicited several hearsay statements in his cross-examination of these witnesses.
 {¶ 26} He contends that his trial counsel failed to object to letting a nine-year-old witness testify (the young female victim-witness who was eight at the time of the offenses), without initiating an independent voir dire regarding her competency pursuant to Evid. R. 601(A). *Page 13 
 {¶ 27} Lastly, he contends that the record does not demonstrate that his defense counsel subpoenaed the records of CCDCFS or asked for their in camera inspection. According to appellant, his attorney's failure to review any social worker notes contained in said records precluded effective questioning of the ten-year-old boy (victim-witness) regarding possible inconsistent statements he might have given in light of his surprising courtroom testimony that the appellant made his sister and him drink beer, vodka, and smoke crack during the hour-long incident. Prior to his trial testimony, the ten-year-old victim-witness purportedly had not previously disclosed this particular piece of information to anyone.
 {¶ 28} We have previously acknowledged that "[i]neffective assistance of counsel is a proper basis for seeking post-sentence withdrawal of a guilty plea. Moreover, a guilty plea is not voluntary if it is the result of ineffective assistance of counsel." State v. Mays, Cuyahoga App. No. 89362, 2008-Ohio-128. (Internal citations omitted.) Ineffective assistance of counsel is a proper basis for seeking vacation of a guilty plea on appeal, as indicated in Lavender at 11. The two-prong test inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, was reiterated in Mays, as follows:
 "A claim of ineffective assistance of counsel requires a showing that the lawyer's conduct fell below professional standards and that the defendant was prejudiced as a result. When a defendant claims ineffective assistance after entering a guilty plea, she must also *Page 14 
show that the ineffective assistance precluded her from entering the plea knowingly and voluntarily." Mays at ¶ 9.
 {¶ 29} Judicial scrutiny of counsel's performance must be highly deferential. Given the inherent difficulties in determining whether representation fell below an objective standard of reasonableness in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. State v.Bradley (1989), 42 Ohio St.3d 136, 142.
 {¶ 30} The Ohio Supreme Court has stated that an appellate court "need not
 {¶ 31} determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quoting Strickland at 697. It also observed in Bradley that "[t]o show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at 143. Mindful of these standards we address these specific instances of alleged deficiencies cited by appellant in support of his contention that ineffective assistance of counsel vitiated the voluntariness of his plea.
Defense Counsel Failed to Object to Hearsay Testimony *Page 15 {¶ 32} Appellant contends that his counsel's performance at trial was deficient because he failed to object to hearsay testimony from any of the following witnesses: an investigation officer, a treating physician to the children, the mother of the children, a social worker who interviewed the children. In fact, appellant contends that his counsel elicited several hearsay statements in his cross-examination of these witnesses.
 {¶ 33} Appellant cannot demonstrate that the introduction of hearsay statements from any of these parties caused prejudice to him by affecting the result of the bench trial when the court heard the direct testimony of the two children as to the events they had described to others. Furthermore, in a bench trial, unlike a jury trial, it is assumed that the judge correctly decided the case based on the proper admissible evidence. As we recently stated in the context of an assignment of error raising ineffective assistance of counsel in not objecting to select testimony, "[a] bench trial, * * * enjoys the presumption that the trial court only considered relevant, material and competent evidence notwithstanding counsel's failure to object to the subject testimony" State v. Brown, Cuyahoga App. No. 87947,2007-Ohio-287. We stated in Brown that "[i]n a bench trial, there is a presumption that the court considered only relevant, material, and competent evidence." Id. at ¶ 7. *Page 16 
 {¶ 34} Assuming without deciding that counsel's performance was deficient by not objecting to the select testimony, or possibly eliciting hearsay testimony, such an occurrence did not prejudice appellant to the point of depriving him a fair trial. As stated before, the children's own testimony regarding the sexual acts involving appellant herein were sufficient to cause the trial court to state at sentencing.
 THE COURT:
 "The Court notes as follows: That clearly we're in the adjudicatory phase of the fact finding process, and clearly the Court has reached no final conclusions as to the evidence, but will indicate that the evidence presented by each of the now named victims was presented without serious contradiction and was presented credibly.
 It's on that basis that the pleas were accepted in this case.
 Clearly, Mr. Day, the pleas in this case save you from the possibility, anyway, of a life sentence; and for that you should be grateful to Mr. Gay." (Tr. 288-289.)
Defense Counsel Failed to Conduct a Voir Dire of Child Witness {¶ 35} Appellant contends that his trial counsel failed to object to letting the nine-year-old female witness-victim testify without first conducting an independent voir dire regarding her competency as a witness pursuant to Evid. R. 601(A).
 {¶ 36} Evid. R. 601(A) states that "Every person is competent to be a witness except: Those of unsound mind, and children under ten years of age, who *Page 17 
appear incapable of receiving just impressions of the facts and transactions respecting which they are examined or of relating them truly."
 {¶ 37} The trial court stated, "[f]or the record, the Court has reviewed the predicatory [sic] questions put to the witness under 601(A) and find she is capable of receiving and relating facts." (Tr. 158.)
 {¶ 38} Appellant does not demonstrate how failure to conduct an examination other than as conducted by the trial court affected the outcome of the trial. At the time of the trial, the victim was eight months shy of ten years of age. Our review of her trial testimony does not suggest that she was incapable of receiving just impressions of facts or relating them truthfully. Furthermore, appellant did not cite to any specific instances in the child's trial testimony that called into question her competency to testify. It is incumbent on appellant to demonstrate how he was prejudiced by this purported error by his trial counsel. He has failed to do so with regard to this issue. See State v.King, Jackson App. No. 05 CA 17, 2006-Ohio-3922, citing WarrensvilleHts. v. Thomas (Aug. 23, 2001), Cuyahoga App. No. 78613, 2001 Ohio App. Lexis 3724.
Defense Counsel Failed to Review the records of the Department ofChildren and Family Services (CCDCFS). *Page 18 {¶ 39} Lastly, appellant contends that the record does not demonstrate that his defense counsel subpoenaed the records of CCDCFS, nor did counsel ask for their in camera inspection.
 {¶ 40} In Strickland the United States Supreme Court noted that it is all too tempting for a defendant to second-guess his counsel after conviction, and it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, that is the defendant must overcome the presumption that under the circumstances the challenged action `might be considered sound trial strategy.'" Id., quoting Michel v. Louisiana (1955), 350 U.S. 91,101.
 {¶ 41} Furthermore, as stated in Strickland, even if appellant establishes that an error by his counsel was professionally unreasonable under all the circumstances of the case, he must still establish prejudice, to wit: that but for the unreasonable error there is a reasonable probability that the result of the proceeding would have been different.
 {¶ 42} The burden is on appellant to demonstrate any purported deficiency in representation. State v. McNeill (1998),83 Ohio St.3d 438, 451. Appellant's argument regarding his counsel's purported failure to examine the records of *Page 19 
CCDCFS relies on matters outside the record. Appellant cannot demonstrate what, if anything, trial counsel was told about such records in discovery or pretrial discussions. He cannot demonstrate from the record that a purported failure to examine the records of CCDCFS would have changed appellant's decision to enter a plea in the case sub judice. An appellate court cannot accept statements of matters outside of the record on the issue of voluntariness of a plea. State v.Barnett (1991), 73 Ohio App.3d 244. A defendant does not meet his burden by making bare allegations without support in the record. State v.Cobb, Cuyahoga App. No. 76950, 2001-Ohio-4132.
 {¶ 43} Appellant has not demonstrated that there was a reasonable probability that, but for the purported error with regard to the CCDCFS' records, that he would not have pleaded guilty.
 {¶ 44} As to each of the particular deficiencies raised by appellant herein, appellant failed to satisfy both prongs of theStrickland test as applied to guilty pleas. He cannot avoid this well-established burden articulated in Strickland and its progeny by advancing a new standard which, according to appellant, is one of first impression without support of case law. This inexact standard contends that a number of examples of ineffective assistance of counsel has a cumulative effect of prejudice, without demonstrating the prejudice resulting from each alleged deficiency. Appellant cannot avoid his burden under *Page 20 Strickland to prove both prongs of the ineffective assistance of counsel standard by glibly arguing that a recitation of errors without proof in the record has the automatic effect of establishing the same. He still has the burden of demonstrating that, but for these errors, if in fact they constituted substandard representation, appellant would not have pleaded guilty. Our review of the record reveals that he has not met this burden.
 {¶ 45} Despite appellant's innovative contention to the contrary our review of challenges raising ineffective assistance of counsel in a guilty plea situation, is not one of "totality of circumstances." It is insufficient to merely make bare assertions of a number of purported deficiencies in representation. Alleging a magnitude of error without meeting the two prong standard of Strickland does not equate to involuntariness of a guilty plea.
 {¶ 46} For the reasons stated herein, a trial court judge with immense responsibilities in conducting the proceedings according to rules of procedure, evidence, and current case law, as a neutral tribunal, cannot be placed in the position of second guessing the trial strategy of prosecution or defense counsel, simultaneously evaluating prosecution and defense considerations in accepting a plea bargain, and meet its own responsibilities under the mandates of Crim. R. 11. In the case sub judice, bare allegations of substandard representation without a demonstration from the record of resultant prejudice, namely, that but *Page 21 
for said errors appellant would not otherwise have entered pleas of guilty, are insufficient. Accordingly, we affirm the trial court.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY *Page 1